## TRAINER v. BOARD OF COM'RS OF PORT OF NEW ORLEANS.
### No. 15045.

Court of Appeal of Louisiana. Orleans.
Jan. 21, 1935.

Eugene H. Walet, Jr., and Robert A. Ainsworth, Jr., both of New Orleans, for appellant.

Philip S. Pugh, Jr., of New Orleans, for appellee.

LECHE, Judge.

Plaintiff was employed as a laborer on the docks by the board of commissioners of the port of New Orleans. His work consisted principally in trucking and reefing bales of cotton. On May 18, 1927, while engaged in trucking cotton to the compress, the hand truck, upon which he was rolling a bale of cotton, struck a steel buckle, causing petitioner to be catapulted into the air and to fall upon the handle of the truck.

Plaintiff was paid 65 per cent. of his average weekly wage, or the sum of $11.85 per week, for 273 weeks. On or about October 22, 1932, compensation payments were discontinued, and the plaintiff was ordered back to work. He did not resume the duties in which he was involved at the time of the injury, but was given lighter work in order that he might not be subjected to the strain of heavy labor after being laid off so long. On October 21, 1933, plaintiff filed this suit, claiming that he was unable to do work of any reasonable character, and that he suffered severe pain in his back, being frequently confined to bed, all as a result of the injury sustained, and that he is entitled to compensation for a period of 400 weeks at the rate of $11.85 per week, allowing defendant credit for the 273 weeks' compensation previously paid.

Judgment was rendered in favor of defendant dismissing plaintiff's suit, and plaintiff has appealed.

The only question involved, one of fact, is whether or not the results of the injury sustained are such as to entitle plaintiff to the additional compensation claimed. He received weekly compensation for a period exceeding five years, and our learned brother below, who saw and heard the witnesses and who also had the opportunity of observing plaintiff, was of the opinion that he was properly discharged as cured at the end of the 273 weeks. A review of the transcript does not convince us that the learned trial judge was in error. Reputable physicians testified as to plaintiff's condition, and the fact that, upon being ordered back to work, he was assigned to lighter duties instead of his usual heavy labor, does not indicate that he had not entirely recovered from the effects of the injury, but that his considerate employer, in view of his long absence from hard labor, believed it was the reasonable and sensible thing to do in order that his body might gradually become accustomed to the kind of labor he had formerly been in the habit of performing.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.